[Cite as *Shepherd v. Office of Attorney Gen*, 2011-Ohio-3439.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PEARL MAE SHEPHERD, et al.

    Plaintiffs

    v.

OFFICE OF ATTORNEY GENERAL

    Defendant

    Case No. 2010-03495-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On February 25, 2010, plaintiffs filed a complaint against defendant, Office of Attorney General (OAG), seeking the return of personal property taken during the execution of a search warrant at plaintiffs' residence and alleging that defendant's agents, with malice and ill will, poisoned plaintiffs' dog, a Labrador Retriever, while performing surveillance at the property. Plaintiffs did not assign a dollar amount or monetary value for the alleged injury to the dog. The $25.00 filing fee was paid.

{¶ 2} On May 17, 2010, a judge of the Court of Claims issued an entry wherein plaintiff's claim for replevin was dismissed and the case was transferred to the administrative docket. The judge determined as a matter of law, the value of plaintiffs' claim for the alleged injury to the dog does not exceed $2,500.00  See, R.C. 2743.10. Pursuant to the May 17, 2010 entry, plaintiffs' claim is limited to the alleged injury to the dog.

{¶ 3} In the complaint, plaintiffs assert the family dog was poisoned by defendant's agents with malice and ill will. The complaint fails to state whether the dog is still alive, whether the dog received any veterinary treatment, or whether plaintiffs incurred any expense as a result of the alleged poisoning.

{¶ 4} Defendant denies liability and specifically denies any agent of defendant

poisoned plaintiffs' dog. Defendant acknowledges its agents performed surveillance operations at or near plaintiffs' property from March to April 2009, and admits the dog was observed on the premises. Defendant submitted the affidavit of Gerald Hall, a detective with the Summit County Sheriff's Department who is employed by defendant as a member of the Ohio Mortgage Fraud Task Force (Task Force). Hall states as follows:

{¶ 5} "2. I have personal knowledge of the facts concerning this matter and I am competent to testify to the facts contained in this Affidavit.

{¶ 6} "3. [Plaintiff, Brandon Shepherd] was the subject of surveillance of the Task Force in March through April 2009. * * * .

{¶ 7} "4. During March through April of 2009 I personally observed Mr. Shepherd's home and did observe a chocolate Labrador Retriever dog was on the property roaming around the exterior of the residence.

{¶ 8} "5. At no time during March through April 2009 surveillance did I poison or harm the chocolate Labrador Retriever dog. At no time during the March to April 2009 surveillance did I personally witness another agent of the [OAG] poison or harm the chocolate Labrador Retriever dog.

{¶ 9} "6. On May 28, 2009, the Task Force, along with other Federal and local officials, executed a search warrant on Mr. Shepherd's property. * * * .

{¶ 10} "7. During the May 28, 2009 search, I * * * did observe that a chocolate Labrador Retriever dog was on the property roaming around the exterior of the residence.

{¶ 11} "8. At no time during the May 28, 2009 search did I poison or harm the chocolate Labrador Retriever dog. At no time during the May 28, 2009 search did I personally witness another agent of the [OAG] poison or harm the chocolate Labrador Retriever dog."

{¶ 12} Plaintiffs did not file a response to the investigation report.

On March 17, 2011, plaintiffs filed an amended complaint and motion to compel discovery and to order sanctions.

{¶ 13} Civ.R. 15(A) states in pertinent part:

{¶ 14} A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served . . . otherwise a party may amend his pleading

only by leave of court or by written consent of the adverse party."

{¶ 15} Plaintiffs' amended complaint was untimely filed and no permission from the adverse party was received. Furthermore, the interests of justice do not require this court to provide leave for the late filing.

{¶ 16} C.C.R. (F) states:

{¶ 17} "Discovery procedures shall not be initiated in administrative determinations without the permission of the clerk."

{¶ 18} The plaintiffs' motion for discovery was pending with a judge of the Court of Claims on May 17, 2010. When the judge transferred that matter to the administrative docket all matters, other than the injury sustained by the dog, were dismissed. Accordingly, plaintiffs' discovery motion was dismissed at that time.

{¶ 19} R.C. 959.03 states that "No person shall maliciously, or willfully and without the consent of the owner, administer poison, except a licensed veterinarian acting in such capacity, to a horse, mare, foal, filly, jack, mule, sheep, goat, cow, steer, bull, heifer, ass, ox, swine, dog, cat, poultry, or any other domestic animal that is the property of another; and no person shall, willfully and without the consent of the owner, place any poisoned food where it may be easily found and eaten by any of such animals, either upon his own lands or the lands of another."

{¶ 20} Upon review of the evidence submitted, the court finds plaintiffs have failed to submit any evidence other than their own assertions that plaintiffs' dog was poisoned by agents of defendant during surveillance activities conducted March and April 2009. Indeed, plaintiffs have failed to sustain their burden of proof that the dog suffered any injury at all. Consequently, plaintiffs' claim shall be denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PEARL MAE SHEPHERD, et al.

Plaintiffs

v.

OFFICE OF ATTORNEY GENERAL

Defendant

Case No. 2010-03495-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Plaintiffs' motion to file an amended complaint and motion for discovery are DENIED. Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Casimir T. Adulewicz                    Jennifer Anne Adair
Suite 409, Sinclair Bldg.                Assistant Attorney General
P.O. Box 1388                           150 East Gay Street, 18th Floor
Steubeville, Ohio  43952                 Columbus, Ohio  43215

SJM/laa
3/14
Filed 3/31/11
Sent to S.C. reporter 6/30/11